UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

NORDOTEK ENVIRONMENTAL,  )
INC., and PAUL G. CHRISTY, )
                          )
    Plaintiffs,           )
                          )
v.                        )   Case No. MC410-024
                          )   E.D. Pa. Case No. CV09-4714
                          )
RDP TECHNOLOGIES, INC.,   )
                          )
    Defendant.            )

# ORDER

Non-party witnesses Cambi AS, a Norwegian corporation, and two of its employees, Keith Panter and Harald Kleiven, move to quash subpoenas issued under this Court's authority by RDP Technologies, Inc., the defendant in a case pending in the Eastern District of Pennsylvania. The subpoenas require the witnesses to appear for depositions in Savannah, Georgia.[1] Docs. 1, 2, & 3.

The Cambi witnesses invoke Fed. R. Civ. P. 45(c)(3)(A)(ii), which provides that "the issuing court *must* quash or modify a subpoena" that

---

[1] Though the underlying lawsuit is pending in another district, only this Court can issue a subpoena requiring a witness's attendance at a deposition in this District. Fed. R. Civ. P. 45(a)(2)(B).

requires a non-party witness to travel more than 100 miles from the place where that witness "resides, is employed, or regularly transacts business in person" in order to attend a deposition. *Id.* (emphasis added). It is undisputed that all three subpoenaed witnesses reside either in Norway (Cambi AS and Kleiven) or the United Kingdom (Panter) and do not work or regularly transact business in this District. Doc. 9 at 1-2. While RDP points out that it properly *served* each non-party witness with a Rule 45 subpoena, it admits that it did so while those witnesses were briefly in Savannah attending a conference or trade show. Doc. 7 at 1. Since RDP has not suggested that the Cambi witnesses have any regular ties with this District, the protections of Rule 45(c)(3)(A)(ii) clearly apply.[2]

---

[2] RDP cites to *First Am. Corp. V. Price Waterhouse, LLP*, 154 F.3d 16 (2d Cir. 1998) for the proposition that a foreign third party may be forced to attend a deposition. Doc. 7 at 4. That case, however, dealt with issues of personal jurisdiction and due process. The 100-mile-radius rule was not in issue. Nor was it addressed in *Estate of Unger v. Palestinian Authority* ("*Unger I*"), 400 F. Supp. 2d 541, 553-54 (S.D.N.Y. 2005), another case upon which RDP relies. While the judge declined to quash the subpoenas served on a foreign corporation's officers on jurisdictional grounds, he noted that modification may be appropriate but did not decide the matter. *Id.* at 554. Indeed, in a later opinion, that court modified the subpoenas for violating the 100-mile rule. *Estate of Unger v. Palestinian Authority* ("*Unger II*"), 451 F. Supp. 2d 607 (S.D.N.Y.2006).

RDP nevertheless insists that the Cambi witnesses are "in a unique position in this litigation" and are in possession of documents and knowledge that are critical to the proper disposition of this case.[3] Doc. 7 at 5. That may be true, but there is no "critical witness" exception recognized under Rule 45(c)(3)(A)(ii). If the subpoena requires a non-party witness to travel more that 100 miles from his home or the place where he regularly conducts business in order to attend a deposition, the issuing court "*must* quash or modify" that subpoena. *Id*. (emphasis added). This Court, therefore, is prohibited by the federal rules from enforcing the subpoenas as issued.

Although RDP never disputes the Cambi witnesses's assertion that they each reside outside the United States, it represents in its response

---

[3] Nordetek Environmental, Inc., the plaintiff in this litigation, has filed a "reply" in support of the motions to quash filed by the non-party Cambi witnesses. That reply disputes RDP's contention that those witnesses have unique knowledge of the facts or constitute the sole source for the documents listed in the subpoenas. Doc. 11. Further, Nordetek suggests that RDP is seeking discovery after the cutoff date set by the district judge in the Eastern District of Pennsylvania. *Id*. A *party* to a civil case, however, has no standing to challenge a subpoena issued to a non-party, absent a showing that the party "has a personal right or privilege regarding the subject matter of the subpoena." 9A Charles A. Wright, Federal Practice and Procedure § 2463.1 at 487-88 (3d ed. 2008) (citing numerous cases). As Nordetek has made no such showing, it lacks standing to file a brief in support of the motions to quash. Further, this is not the appropriate court for resolving discovery disputes arising in the underlying litigation—except for the narrow Rule 45 issue raised here, this Court is not equipped to address the scope or timing of discovery in a case pending in another district.

brief "that it could have had the Cambi witnesses served at the offices of the District of Columbia Water and Sewer Authority (DCWASA)," as Cambi is working on a large project in the Washington area and "the Cambi witnesses have made, and continue to make, frequent trips to D.C. to meet with representatives from DCWASA. . . ." Doc. 7 at 1. RDP suggests that it refrained from serving subpoenas upon the Cambi witnesses in Washington "to avoid the unpalatable business interruption or potential embarrassment that might have resulted." *Id*. RDP does not explain how serving subpoenas upon the Cambi witnesses while they were attending a conference in this District would prove less "unpalatable" or embarrassing for these non-party witnesses. Be that as it may, RDP neglects to mention that the District of Columbia (unlike Savannah, Georgia) *is* within 100 miles of various potential deposition sites located within the Eastern District of Pennsylvania itself—*where this action is pending*. Further, there are other states neighboring the District of Columbia with potential deposition sites well within the 100-mile range allowed for service of a subpoena (under Fed. R. Civ. P. 45(b)(2)(B)) or for conducting a deposition (under Fed. R. Civ. P. 45(c)(3)(A)(ii)). But instead of serving subpoenas upon the Cambi

4

witnesses in Washington, D.C.—which would have avoided any Rule 45(c)(3)(A)(ii) problems—RDP elected to subpoena those witnesses for deposition in this district, well knowing that they did not reside, work, or transact business anywhere within 100 miles of Savannah, Georgia but instead were just casual visitors here.

This is not a case where a party to a civil suit has served a deposition subpoena upon a non-party witness in a remote district because that non-party, despite close ties to the district where the litigation is pending, has not been amenable to service in or near the district of prosecution. Instead, RDP readily concedes that the Cambi witnesses frequent the Washington, D.C. area in order to monitor the progress of their business interests there. And RDP never suggests that any of the non-party witnesses are difficult to locate or would attempt to evade service. Under these circumstances, the Court sees no need to "modify" the subpoenas. Accordingly, the motions to quash filed by Cambi, Panter, and Kleiven (docs. 1, 2, and 3) are hereby **GRANTED.**

**SO ORDERED** this 5th day of August, 2010.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA